NO.
12-11-00063-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

MIRANDA
N. PHILLIPS,                                 §                 APPEAL FROM THE 217TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 ANGELINA
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

PER CURIAM

Miranda
N. Phillips appeals her conviction for possession of a controlled substance. 
Appellant’s counsel has filed a brief asserting compliance with Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the
appeal.

  

Background

In what
appears to have been a joint effort to resolve several prosecutions against
Appellant in Angelina County, Appellant agreed in this case to waive her right
to be indicted for the offense of possession of a controlled substance.  The
State then filed an information charging Appellant with that offense along with
a joint motion to try her for the lesser included offense of possession of a
controlled substance as a misdemeanor.   Appellant pleaded guilty to the
offense as a class A misdemeanor, and the trial court assessed a sentence of
confinement for one year.  This appeal followed.

 

Analysis Pursuant to Anders v. California

Appellant=s counsel has filed a brief in compliance with Anders
and Gainous.  Counsel states that he has diligently reviewed the
appellate record and that he is well acquainted with the facts of this case. 
In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel’s brief
presents a thorough chronological summary of the procedural history of the case
and further states that counsel is unable to present any arguable issues for
appeal.[1]  See Anders, 386 U.S. at 745, 87 S. Ct. at
1400; see also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346,
350, 102 L. Ed. 2d 300 (1988).  

We
have considered counsel’s brief and have conducted our own independent review
of the record.  We found no reversible error.  See Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and we dismiss this appeal.  See In re Schulman,
252 S.W.3d at 408-09 (“After the completion of these four steps, the court of
appeals will either agree that the appeal is wholly frivolous, grant the
attorney=s motion to withdraw, and dismiss
the appeal, or it will determine that there may be plausible grounds for appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise her of her right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, she must either retain an attorney to file a petition for
discretionary review or she must file a pro se petition for discretionary
review. See In re Schulman, 252 S.W.3d at 408 n.22.  Any petition
for discretionary review must be filed within thirty days from the date of
either this opinion or the last timely motion for rehearing that was overruled
by this court.  See Tex. R. App.
P. 68.2.  Any petition for discretionary review must be filed with this
court, after which it will be forwarded to the Texas Court of Criminal Appeals
along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.[2]  Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex. R.
App. P. 68.4; In re Schulman, 252 S.W.3d at 408 n.22.

Opinion
delivered August 24, 2011.

Panel
consisted of Worthen, C.J., Griffith, J, and Hoyle, J.         

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 









[1] Counsel for
Appellant states in his motion to withdraw that he provided Appellant with a
copy of this brief. Appellant was given time to file her own brief in this
cause. The time for filing such a brief has expired, and we have received no
pro se brief. 

 





[2] By
rule, after September 1, 2011, petitions should be filed directly with the
Texas Court of Criminal Appeals.  See Tex.
R. App. P. 68.3(a) (effective September 1, 2011).